UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-CV-01211 RHH |
| ) | |
| ANNE L. PRECYTHE,[1] et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Billy Ray, an inmate at South Central Correctional Center (SCCC), for leave to commence this civil action without payment of the required filing fee. [ECF No. 3]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $45.04. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will partially dismiss plaintiff's amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint. Plaintiff's motion for appointment of counsel will be denied at this time. [ECF No. 2].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

---

[1]Plaintiff spells defendant Precythe's name as "Precynthe" in his complaint. The Court will instruct the Clerk to change the spelling of defendant Precythe's name on the docket.

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. [ECF No. 4]. A review of plaintiff's account indicates an average monthly deposit of $225.20 and an average monthly balance of $141.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $45.04, which is 20 percent of plaintiff's average monthly deposit.

### The Complaint and Supplemental Documents[2]

Plaintiff Billy Ray filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2024, against seven defendants: former Warden Anne Precythe; Assistant Warden Tim Freeman; Correctional Officer Amber McCloud; Unknown Correctional Officer Conley; Unknown Sergeant Smith; Sergeant Daniel Rector and Sergeant David Lee. He sues defendants in their individual and official capacities.

Plaintiff alleges that on February 16, 2022, during his incarceration at Eastern Reception Diagnostic and Correctional Center (ERDCC), he was assigned to cell 2A-218 in the Administrative Segregation Unit (Ad-Seg). On that date, another inmate shared a cell with him in the Ad-Seg Unit, D. Bluett; however, plaintiff claims that he requested protective custody from his cellmate on that date to Correctional Officer Rector, and Bluett was removed from the cell.

---

[2]Plaintiff has attached his Institutional Resolution Request and grievance documents to his complaint. Pursuant to Federal Rule of Civil Procedure 10(c), the Court will review the factual statements in plaintiff's grievance documents as part of his pleading.

Plaintiff alleges that Bluett placed him on his enemies list on that same date. However, it is unclear who Bluett directed his request to.

Despite plaintiff having allegedly asked for protective custody on February 16, 2022, and allegedly placed Bluett on his enemy list, on February 18, 2022, Sergeant Smith, who oversaw housing in Ad-Seg, purportedly directed Correctional Officer McCloud and Correctional Officer Conley to escort inmate Bluett back into cell 2A-218 at approximately 9:40 p.m., while plaintiff was still incarcerated in the cell.

Plaintiff alleges that at the time Bluett was being placed into the cell, plaintiff was in restraints (handcuffs). He claims that after Bluett was uncuffed by Conley and McCloud, but while the two officers were standing in the cell, or directly outside the cell, Bluett began to attack plaintiff while plaintiff was still restrained. Bluett allegedly punched plaintiff in the face repeatedly, pushed him to the ground, twisted his back and caused plaintiff's head to hit the concrete repeatedly, which resulted in damage to plaintiff's lip, teeth, gums and dental plate. Plaintiff alleges that Conley and McCloud failed to protect him from Bluett's attack, and they failed to lessen Bluett's attack on him, *i.e.,* they failed to intervene in the attack while it was occurring.

Plaintiff states that Bluett was not maced by Conley or McCloud during the attack, but rather they stood and watched the attack. He claims that McCloud stated during the attack to Bluett, "Are you done?" And afterwards, McCloud told plaintiff that she would call medical, but no one from medical at ERDCC came to assess plaintiff's injuries. Additionally, plaintiff states that his dental injuries from the attack have still not been attended to and include broken teeth and a broken partial.

Plaintiff blames Sergeant Smith for placing Bluett in his cell when plaintiff should have been marked as one of Bluett's enemies. Additionally, plaintiff asserts that Sergeant Smith should have seen that plaintiff had protective custody from Bluett in the Ad-Seg Housing computer system

prior to moving Bluett. Thus, plaintiff believes that Smith failed to protect him in violation of the Eighth Amendment. Similarly, he blames Correctional Officers Conley and McCloud for failing to protect him from Bluett during the attack when they failed to intervene in the attack, and he asserts that they were deliberately indifferent to his serious medical needs after the attack occurred, also in violation of the Eighth Amendment.

Plaintiff was later told that the reason Bluett was placed in his cell on the night of February 18, 2024, was because no protective custody request had ever been filed by Correctional Officer Rector on February 16, 2024. Plaintiff therefore seeks to hold Correctional Officer Rector liable for a failure to protect him from Bluett for Rector's failure to file the protective custody request on February 16, 2024. Although it is not entirely clear, it appears that plaintiff also blames supervisory defendants Lee, Freeman and Precythe for failure to ensure that their staff followed the enemy list procedures at ERDCC. However, plaintiff has not made a failure to train claim or claims against these defendants.

Plaintiff seeks compensatory damages and injunctive relief in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Based on a careful review and liberal construction of the allegations in plaintiff's complaint, the Court will dismiss the official capacity claims against all the defendants as well as the individual capacity claims against supervisory defendants Lee, Freeman and Precythe. However, the Court will direct the Clerk to issue process, or cause process to issue, on plaintiff's individual capacity claims for failure to protect, in violation of the Eighth Amendment, against defendants Amber McCloud, Unknown Conley, Unknown Smith and Daniel Rector. The Court will also issue process, or cause process to issue on plaintiff's individual capacity claims for deliberate indifference to his serious medical needs against defendants Amber McCloud and Unknown Conley.

### A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, because defendants are Missouri Department of Corrections (MDOC) employees, naming them in their official capacities is equivalent to naming the government entity that employs them – the State of Missouri itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (the MDOC is a state agency).

The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will*, 491 U.S. at 71. Therefore, the complaint is frivolous and/or fails to state a claim upon which relief may be granted relative to plaintiff's claims against defendants in their official capacities.

### B. Individual Capacity Claims

#### 1. Failure to Protect Claims Against All the Defendants

The Supreme Court has made it clear that the Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). As such, prison officials must take reasonable measures to guarantee inmate safety and protect prisoners from violence by other inmates. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (citing *Farmer*, 511 U.S. at 832-33). There are limitations to this guarantee, however, as "prison

officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (internal quotations and citation omitted).

"As prisons are inherently dangerous environments," not every injury suffered by a prisoner at the hands of another inmate, is grounds for constitutional liability. *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (citing *Farmer*, 511 U.S. at 834). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837).

### a. Defendants David Lee, Tim Freeman and Anne Precythe

Plaintiff fails to state individual capacity claims against defendants David Lee, Tim Freeman or MDOC Director Anne Precythe because he fails to allege facts that show how Lee, Freeman or Precythe are causally linked to, and directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff explicitly alleges that the four other defendants in this action were present during the incident in which he was purportedly harmed, but he does not assert that defendants Lee, Freeman or Precythe were on site or even aware of the conditions of which he complains. As a

result, plaintiff's Eighth Amendment claims against defendants Lee, Precythe or Freeman fail to state a claim upon which relief may be granted. *See also Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676) (to state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).[3]

### b. Defendants Amber McCloud, Unknown Conley, Unknown Smith, and Daniel Rector

Unlike defendants Lee, Freeman and Precythe, plaintiff *does* allege specific factual allegations as to his failure to protect claims against defendants Amber McCloud, Unknown Conley, Unknown Smith and Daniel Rector, arguing that they were personally involved in, and directly responsible for the alleged unconstitutional conduct.

Plaintiff alleges that defendants McCloud and Conley, were present during the incident in which he was attacked by inmate Bluett, and in fact did not stop Bluett from attacking him. He additionally alleges that he asked defendant Rector to place him in protective custody to protect him from inmate Bluett on February 16, 2022. However, he purports that Rector failed to place him in protective custody on that date, and he specifically failed to place Bluett on his enemy list. Furthermore, even though Bluett allegedly asked to have plaintiff placed on his enemy list as well,

---

[3] "[A] supervising officer can be liable for an inferior officer's constitutional violation only if he [or she] directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). *See also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution"). Plaintiff has not alleged a failure to train theory of liability in this action, and as noted above, none of the alleged supervisory defendants have been alleged to have personal knowledge of the alleged constitutional violation.

defendant Smith, who oversaw housing in the Administrative Segregation Unit, instructed McCloud and Conley to place Bluett back in the same cell with plaintiff on February 18, 2022.

The Court finds that plaintiff's complaint sufficiently alleges failure to protect claims at this initial review stage of the litigation. As such, the Court will direct the Clerk to issue process on plaintiff's claims brought pursuant to the Eighth Amendment against defendants Amber McCloud, Unknown Conley, Unknown Smith and Daniel Rector.

### 2. Eighth Amendment Deliberate Indifference Claims Against Defendants Amber McCloud and Unknown Conley

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

As noted above, after the attack by inmate Bluett, plaintiff alleges that he had damage to his lips, teeth, gums and dental plate. He asserts that afterwards, McCloud told plaintiff that she would call medical, but no one from medical at ERDCC came to assess plaintiff's injuries.

Additionally, plaintiff states that his dental injuries from the attack have still not been attended to and include broken teeth and a broken partial. Based on the aforementioned, the Court finds that plaintiff has alleged enough facts to survive initial review on plaintiff's claims against defendants for deliberate indifference to his serious medical needs. The Court will order the Clerk to issue process as to defendants McCloud and Conley on these claims.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 2]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to correct defendant Anne Precythe's name.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $45.04 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint on plaintiff's individual capacity failure to protect claims in violation of the Eighth Amendment, as to defendants Amber McCloud, Correctional Officer Unknown Conley, Sergeant Unknown Smith and Daniel Rector. Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections employees.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint on plaintiff's individual capacity deliberate indifference to his serious medical needs claims in violation of the Eighth Amendment, as to defendants Amber McCloud and Correctional Officer Unknown Conley. Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections employees.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Anne Precythe, Tim Freeman, and David Lee, because as to these defendants, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claims against defendants Anne Precythe, Tim Freeman and David Lee are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants regarding the Eighth Amendment claims of deliberate indifference to plaintiff's serious medical needs because, as to this defendant, the complaint fails to state a claim upon which relief can be granted. Plaintiff's Amendment claim against defendant is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to plaintiff's claims against defendants in their official capacities. Plaintiff's official capacities claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 6th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE