UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLY RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:24-CV-1211 RHH |
| | ) |
| ANN PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's response to the Court's January 3, 2025 Memorandum and Order, as well as his request for an extension of time to provide service information for Defendants. [ECF No. 15].

Plaintiff Billy Ray commenced this action as a pauper, pursuant to 28 U.S.C. § 1915, on September 4, 2024. [ECF No. 1]. The Court reviewed the complaint for frivolousness, maliciousness and failure to state a claim on December 6, 2024. [ECF No. 8]. On that date, the Court directed the Clerk to serve process on the complaint as to Defendants Amber McCloud, Unknown Conley, Daniel Rector and Unknown Smith, all alleged employees of the Missouri Department of Corrections (MDOC) at the Eastern Reception Diagnostic and Correctional Center (ERDCC) during the pertinent time period alleged in the complaint. *See id*. Process was attempted through a waiver agreement this Court maintains with the Missouri Attorney General's Office. Nonetheless, on December 20, 2024, the Court received a letter from legal counsel for the Missouri Department of Corrections, stating that they were unable to waive service for Defendants Amber McCloud, Unknown Smith or Unknown Conley as "they [were] unable to be identified as current or former employees based on the information provided." [ECF No. 11]. Furthermore, MDOC was

unable to waive process for Defendant Daniel Rector, because the only Daniel Rector employed by MDOC worked at Farmington Correctional Center in January of 2023. *See id.*

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases where a self-represented litigant is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (citing *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989)). As such, a litigant proceeding in forma pauperis is entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.,* 710 F.3d 782, 783 (8th Cir. 2013). However, it is a Plaintiff's responsibility to provide the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *see also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

Because it had been more than 90 days since Plaintiff filed his complaint naming Amber McCloud, Unknown Conley, Daniel Rector and Unknown Smith as Defendants, the Court gave notice to Plaintiff that this action was subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). However, due to his self-represented status, Plaintiff was provided thirty (30) days to provide the Court with adequate information such that Defendants could be identified and served under Rule 4(m). Specifically, Plaintiff was told that he needed to provide full names for Defendants (first and last) or indicate if any of the Defendants' names had been misspelled.

2

On February 3, 2025, Plaintiff filed his response to the Court's January 3, 2025 Memorandum and Order. In his response brief, Plaintiff asserts that he has been able to ascertain the full name of Defendant Unknown Smith – Jacob L. Smith - but he has not been able to ascertain the names of the other Defendants. He seeks additional time to do so. The Court will provide Plaintiff an additional thirty (30) days to ascertain the remaining Defendants' first and last names. However, no additional extensions will be provided to Plaintiff without good cause being shown.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change Defendant Unknown Smith to Jacob L. Smith on the Court's docket.

**IT IS FURTHER ORDERED** that the Clerk shall effectuate service, or cause service to occur, through the waiver agreement this Court maintains with the Missouri Attorney General's Office for Missouri Department of Correction's employees, on Jacob L. Smith. Defendant is sued in his individual capacity as to Plaintiff's failure to protect claim in violation of the Eighth Amendment.

**IT IS FURTHER ORDERED** that Plaintiff's request for a thirty (30) day extension of time to provide adequate information such that Defendants Amber McCloud, Unknown Conley and Daniel Rector may be served with process [ECF No. 15] is **GRANTED.**

**IT IS FURTHER ORDERED** that no later than **Wednesday, March 12, 2025**, Plaintiff shall provide the Court with adequate information such that Defendants Amber McCloud, Unknown Conley and Daniel Rector may be served with process. To the extent Plaintiff knows Defendants' first and last names, he must provide the names so that Defendants may be served with process. If one of Defendants' first or last names is misspelled, Plaintiff must notify the Court immediately.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, Plaintiff's failure to timely respond to this Order shall result in the dismissal of the remaining Defendants from this action, without prejudice or further notice from the Court, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 11th day of February, 2025.

                                              RODNEY H. HOLMES
                                              UNITED STATES MAGISTRATE JUDGE