## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BILLY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1211 RHH |
| ) | |
| ANN PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the record. Plaintiff Billy Ray commenced this action as a pauper, pursuant to 28 U.S.C. § 1915, on September 4, 2024. [ECF No. 1].

On December 6, 2024, the Court reviewed the complaint for frivolousness, maliciousness and failure to state a claim. [ECF No. 8]. On that date, the Court directed the Clerk to serve process on the complaint as to Defendants Amber McCloud, Unknown Conley, Daniel Rector and Unknown Smith. Defendants were alleged to be employees of the Missouri Department of Corrections (MDOC) at the Eastern Reception Diagnostic and Correctional Center (ERDCC) during the pertinent time. *See id*.

Process was first attempted through a waiver agreement this Court maintains with the Missouri Attorney General's Office. Nonetheless, on December 20, 2024, the Court received a letter from legal counsel for the Missouri Department of Corrections, stating that the Department of Corrections was unable to waive service for Defendants Amber McCloud, Unknown Smith or Unknown Conley as "they [were] unable to be identified as current or former employees based on the information provided." [ECF No. 11]. Furthermore, MDOC was unable to waive process for

Defendant Daniel Rector, because the only Daniel Rector employed by MDOC worked at Farmington Correctional Center in January of 2023. *See id.*

On January 3, 2025, the Court issued an Order to Show Cause, pursuant to Federal Rule of Civil Procedure 4(m), requiring Plaintiff to provide the Court with adequate information such that Defendants may be identified and served. [ECF No. 12]. Specifically, Plaintiff was ordered to provide the Court with the full names for Defendants within thirty (30) days. *See id.*

On February 3, 2025, Plaintiff moved for a 30-day extension of time to comply with the Court Order. [ECF No. 15]. In his motion for extension of time, he also identified one of the defendants in this action – Jacob L. Smith. Accordingly, on February 11, 2025, the Court granted Plaintiff's request for an extension of time, and additionally, the Court requested that the Clerk attempt service on Jacob L. Smith through the Court's waiver agreement. [ECF No. 16].

On February 21, 2025, the Court received a letter from legal counsel for the Missouri Department of Corrections, indicating that the Department of Corrections was unable to waive service for Jacob L. Smith because he was no longer employed by the Department of Corrections. [ECF No. 18].

On March 13, 2025, Plaintiff filed a motion seeking service of process on the four Defendants at their purported home addresses. The Court will instruct the Clerk to attempt service through summons at the addresses provided by Plaintiff. The Clerk shall also update the Court docket to reflect the proper first and last names for the following Defendants: Alexandra Conley and Amber N. McCloud.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect the proper names of the following Defendants: Amber N. McCloud and Alexandra Conley.

**IT IS FURTHER ORDERED** that the Clerk shall effectuate service, or cause service to occur, through the issuance of summons on the complaint as to Defendants Daniel Rector, Alexandra Conley, Amber N. McCloud and Jacob L. Smith, at the addresses provided in Plaintiff's sealed response to the Court. [ECF No. 19].[1]

Dated this 31st day of March, 2025.

                                                                             RODNEY H. HOLMES
                                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] As set forth in the Opinion, Memorandum and Order issued on December 6, 2024, the Court issued process as to all four Defendants in their individual capacities on Plaintiff's failure to protect allegations in violation of the Eighth Amendment. The Court also issued process as to Defendants Amber McCloud and Alexandra Conley, in their individual capacities, as to Plaintiff's allegations of deliberate indifference to his serious medical needs in violation of the Eighth Amendment.