UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLY RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-1211 RHH |
| | ) |
| ANN PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Billy Ray's motion to correct the Court record. [ECF No. 25]. Also before the Court is Plaintiff's second motion for appointment of counsel. [ECF No. 26].

**Background**

On December 6, 2024, the Court reviewed the complaint for frivolousness, maliciousness and failure to state a claim. [ECF No. 8]. On that date, the Court directed the Clerk to serve process on the complaint as to Defendants Amber McCloud, Unknown Conley, Daniel Rector and Unknown Smith. Defendants were alleged to be employees of the Missouri Department of Corrections (MDOC) at the Eastern Reception Diagnostic and Correctional Center (ERDCC) during the pertinent time. *See id*.

Process was first attempted through a waiver agreement this Court maintains with the Missouri Attorney General's Office. Nonetheless, on December 20, 2024, the Court received a letter from legal counsel for the Missouri Department of Corrections, stating that the Department of Corrections was unable to waive service for Defendants Amber McCloud, Unknown Smith or Unknown Conley as "they [were] unable to be identified as current or former employees based on

the information provided." [ECF No. 11]. Furthermore, MDOC was unable to waive process for Defendant Daniel Rector, because the only Daniel Rector employed by MDOC worked at Farmington Correctional Center in January of 2023. *See id*.

On January 3, 2025, the Court issued an Order to Show Cause, pursuant to Federal Rule of Civil Procedure 4(m), requiring Plaintiff to provide the Court with adequate information such that Defendants could be identified and served. [ECF No. 12]. Specifically, Plaintiff was ordered to provide the Court with the full names for Defendants within thirty (30) days. *See id*.

On February 3, 2025, Plaintiff moved for a 30-day extension of time to comply with the Court Order. [ECF No. 15]. In his motion for extension of time, he also identified one of the defendants in this action – Jacob L. Smith. Accordingly, on February 11, 2025, the Court granted Plaintiff's request for an extension of time, and additionally, the Court requested that the Clerk attempt service on Jacob L. Smith through the Court's waiver agreement. [ECF No. 16].

On February 21, 2025, the Court received a letter from legal counsel for the Missouri Department of Corrections, indicating that the Department of Corrections was unable to waive service for Jacob L. Smith because he was no longer employed by the Department of Corrections. [ECF No. 18].

On March 13, 2025, Plaintiff filed a motion seeking service of process through summons on the four Defendants at their purported home addresses. The Court instructed the Clerk to attempt service through summons at the addresses provided by Plaintiff. The Court also instructed the Clerk to update the Court docket to reflect the proper first and last names for Defendants Alexandra Conley and Amber N. McCloud. [ECF No. 20].

**Discussion**

Summonses were returned executed on Daniel Rector and Alexandra Conley on April 17, 2025. [ECF Nos. 22 and 23]. Summons has not yet been returned as to Defendant Jacob Smith. Summons was returned unexecuted on Amber McCloud on April 21, 2025. [ECF No. 24]. On the return of summons, the United States Marshal who attempted service on Defendant McCloud wrote, "Named individual was incorrect. Address was also invalid." *See id.*

In his motion to correct the Court record, Plaintiff states that he named the wrong defendant – Alexandra Conley - in his Complaint. [ECF No. 25]. He seeks to substitute "Alexander Cauley" for Alexandra Conley as the proper Defendant in this action. *See id*. He does not indicate where the Court should serve this new defendant. He also fails to provide an explanation as to how he could have named the wrong defendant in his Complaint.

As set forth in the Court's January 3, 2025 Memorandum and Order: Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

[ECF No. 12, p. 2].

In cases such as this one, where a self-represented litigant is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). However, it is a plaintiff's responsibility to provide the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *see also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

3

Plaintiff filed his Complaint more than 90 days ago, on September 4, 2024, naming Amber McCloud, Unknown Conley, Daniel Rector and Unknown Smith as Defendants. [ECF No. 1]. The Court has provided Plaintiff multiple opportunities to properly name and provide address information for Defendants. It appears, however, that Plaintiff is still unsure of who the proper Defendants are in this action. And the appointment of counsel to these proceedings would not assist in that endeavor.

In his motion for appointment of counsel, ECF No. 26, Plaintiff argues that he needs an attorney so that he can get an investigator to locate Defendants for service. However, in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In this case, Plaintiff presented a non-frivolous Complaint. On December 6, 2024, the Court issued process on Plaintiff's individual capacity claims for failure to protect in violation of the Eighth Amendment against Defendants Amber McCloud, Unknown Conley, Unknown Smith and Daniel Rector. The Court also issued process on Plaintiff's individual capacity claims for deliberate indifference to his serious medical needs against Defendants Amber McCloud and Unknown Conley. [ECF No. 8]. Unfortunately, it appears that Plaintiff is uncertain as to who the appropriate Correctional Officers were who allegedly failed to protect him and purportedly failed to provide him with medical care during the relevant time period mentioned in the Complaint.

Counsel for the Missouri Department of Corrections insists that Defendant Daniel Rector was not working at Eastern Reception Diagnostic Center in February of 2022. [ECF No. 18]. And similarly, counsel stated that Correctional Officer Amber McCloud was not an employed at the Missouri Department of Corrections. [ECF Nos. 11 and 18]. Assignment of counsel at this juncture would not assist in identification of either of these Defendants if Plaintiff, himself, does not know who allegedly failed to protect him from an attack at ERDCC on or about February 18, 2022.

Because Plaintiff fails to provide additional information relative to newly named Defendant Alexander Cauley, and he has not provided any supplementary facts as to where the Court can effectuate service on Defendant Amber McCloud, the Court will dismiss these individuals at this time. Plaintiff was specifically warned in the Court's February 11, 2025 Memorandum and Order that no additional extensions of time would be provided relative to service on Defendants without good cause being shown. *See* ECF No. 16. As such, the Court will deny Plaintiff's motion to correct the Court record and for appointment of counsel. [ECF Nos. 25 and 26]. The Court will also dismiss Defendant Conley (or Cauley), as well as Defendant McCloud from this action, pursuant to Federal Rule of Civil Procedure 4(m), without prejudice, for lack of timely service.

In dismissing the aforementioned defendants without prejudice, the Court takes note that summons has not yet been returned as to Jacob Smith. Additionally, although Daniel Rector was purportedly served in this matter, he has not yet filed a responsive pleading. [ECF No. 22].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to correct the Court record [ECF No. 25] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 26] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Alexandra Conley, a/k/a Alexander Cauley, and Amber McCloud are **DISMISSED** from this action pursuant to Federal Rule of Civil Procedure 4(m). A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 14th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE