**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BILLY RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-1211-MTS |
| | ) | |
| JACOB L. SMITH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff's compliance with the Court's February 04, 2026, Order is long overdue. *See* Doc. [55]. He also is overdue to provide his initial disclosures to Defendants. But based on his new representations that he has "recently started" new medications that have affected his ability to "understand" what "needs to be done," Doc. [59], the Court will provide him with an extension of time.

No later than **Friday**, **April 24, 2026**, Plaintiff must provide his initial disclosures in this case to Defendants. *See* Doc. [54] ¶ 3.* And no later than that same date, **Friday**, **April 24, 2026**, Plaintiff must make a payment on his filing fee in compliance with 28 U.S.C. § 1915(b)(2) or show to the Court that he cannot do so by submitting to the Court a <u>certified</u> account statement showing his account transactions over the last six (6) months. *See Hodges v. Meletis*, 109 F.4th 252, 257 (4th Cir. 2024) ("When prisoners fail to make their monthly payments, they risk dismissal as a sanction."). If Plaintiff fails to

---

* Defendants shall promptly notify the Court if they do not receive Plaintiff's initial disclosures within one week of Plaintiff's deadline.

comply with these overdue deadlines by **Friday**, **April 24, 2026**, the Court will dismiss this action without further notice.

The Court also has reviewed Plaintiff's Motion for Appointment of Counsel.  Doc. [60].  The Court has carefully considered the matter and proper factors; it concludes that the appointment of counsel is not warranted at this stage.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing the "relevant factors" a district court should consider when "determining whether to appoint counsel for an indigent civil litigant"); *see also Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 923 (11th Cir. 2014) (per curiam) (noting that a district court should only appoint counsel to an indigent plaintiff "in exceptional circumstances").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time, Doc. [59], is **GRANTED** in part as discussed herein.  Plaintiff **must** complete his outstanding deadlines no later than **Friday**, **April 24, 2026**.  Defendants shall promptly notify the Court if they do not receive Plaintiff's initial disclosures within one week of Plaintiff's deadline.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [60], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail to Plaintiff another copy of Document [54] and Document [55] with this Order to assist him in completing his outstanding tasks.

- 3 -

**The failure to timely comply with this Order will result in the dismissal of this action without further notice.**

Dated this 3rd day of April 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE